IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

RUBEN GUADALUPE SANTALIZ
MARTA J. GARRATON PACHECO

DEBTORS

CASE NO.: 12-03428(ESL)
CHAPTER 13

FIRSTBANK PUERTO RICO

MOVANT

*ANSWER TO DEBTORS' OBJECTION TO FIRSTBANK'S CLAIM NO. 7-1*

TO THE HONORABLE COURT:

Comes now, **FIRSTBANK PUERTO RICO** through its undersigned counsel and respectfully alleges and prays:

## I. PROCEDURAL BACKGROUND

1. On **May 1, 2012,** Debtors filed the instant petition for relief under Chapter 13 of the Bankruptcy Code. *See, Docket 1.*

2. On the Amended Schedules B, Debtors listed the value of FirstBank's collateral, a 2007 Dodge Caliber, at $10,728.00. *See, Docket 10.*

3. On May 22, 2012, FirstBank Puerto Rico filed a secured Proof of Claim, for the amount of $9,696.82, as being a holder in due course of a duly registered conditional sales contract regarding a **2007 Dodge Caliber,** account no. **xxx-xx-xxxx8814.** The sales contract, which is attached to FirstBank's Proof of Claim, provided for payments of $502.55 over 72 months, at an interest rate, pursuant the terms of the contract, of 17.99%. *See, Claim no. 7-1.*

4. On July 30, 2012, debtors thru their counsel filed an "Objection to Claim No. 7-1 Filed by FirstBank". On their objection, debtors requested that FirstBank's be reduced to $8,318.26. *See, Docket 25.*

5. On August 16, 2012, FirstBank Puerto Rico filed an amended Proof of Claim in the amount of **$9,475.80**, with evidence of how the new amount was reached. *See, Claim no. 7-2.*

6. It is FirstBank's position that in this case, FirstBank is an oversecured creditor. In fact, Debtor's Schedule B, on Personal Property, shows that FirstBank's collateral, a 2007 Dodge Caliber has a value of $10,728.00, greater than the amount of its claim. *See, Docket 10.*

7. Therefore, pursuant Section 506(b) of the Bankruptcy Code, FirstBank as an oversecured creditor is entitled to recover post-petition interest on its claim. *11 U.S.C.A. §506(b).* Also, pursuant Section 1325(a)(5)(B)(ii), FirstBank Puerto Rico is entitled to receive post-confirmation interest or the present value of its claim.

8. As stated before, on August 16, 2012, FirstBank filed an amended Proof of Claim for the amount of $9,475.80. This amount is reached by applying the *Till* interest rate of 5.25% (3.25% prime rate + 2% risk factor), to debtor's payoff balance at the filing of the petition, that is $8,318.26; at a 60 month term, which is the duration of debtor's Chapter 13 plan. *See, Claim no. 7-2.*

9. In view of the fact that FirstBank, as an oversecured claim holder, is entitled to receive post-petition interest and the present value of its claim, and that an amended Proof of Claim (Claim no. 7-2) was filed with evidence of how the amount of the claim was calculated, debtor's objection to FirstBank's Proof of Claim no. 7-1 should

be denied as moot. In support of this contention, First Bank will show to the Honorable Court as follows.

## II. APLICABLE LAW AND ALLEGATIONS

10. Section 506(b) of the Bankruptcy Code allows an oversecured creditor to recover attorneys' fees, postpetition interest, and other costs in certain circumstances. Particularly, section 506(b) of the Bankruptcy Code states as follows:

> (...)
>
> (b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

11. Section 506(b) "entitles the holder of an oversecured claim to postpetition interest and, in addition, gives one having a secured claim pursuant to an agreement the right to reasonable fees, costs, and charges provided for in that agreement" *United States v. Ron Pair Enter., Inc.*, 489 U.S. 235,241 (1981), cited in *In re White, 260 BR 870, BAP 8th Circuit, 2001*. Recovery of postpetition interest under §506(b) is not dependent on any underlying agreement. *See, id.* Rather, an oversecured creditor's right to postpetition interest under §506(b) is "unqualified". *Id.*

12. In addition, pursuant Section 1325(a)(5)(B)(ii), FirstBank Puerto Rico is entitled to receive the present value of its claim as of the effective date of the plan. Post-Confirmation interest is a function of the present value requirement of Section 1325(a)(5)(B)(ii). The plan must then provide post-confirmation for payment of the present value of the claim. *See, In re Milham, 141 F.3d 420 (2d Cir, 1998), cited in In re Garner, Case No. 10-10491, 2010 wl 3021657 (Bankr. M.D. Ala. July 28, 2010).* The

present value interest rate is calculated at prime plus the risk factor of 1% to 3% over prime. *Till v. SCS Credit Corp., 541 US 465, 124 S.Ct. 1951 (2004)*.

13. In ascertaining an appropriate risk factor of 2%, Courts have stated the following:

> In determining the appropriate "prime-plus" interest rate, this Court has considered the following factors: (i) the current low national prime rate of interest; (ii) Debtors' failure to articulate any reason for using a 1% risk factor; (iii) the large amount of negative equity financing in Claim 5; and (iv) the sixty-month term of Debtors' plan. Based on all of these factors, the Court determines that an appropriate risk factor in the instant case is 2%. Moreover, this risk factor is consistent with *In re Soards*, 344 **B.R.** 829 (Bankr. W.D.Ky.2006), which held: "In the absence of evidence of the risks associated with a default, the Court determines that an additional two percentage points to the prime rate is the appropriate rate to be applied on [the creditor's] claims in these cases." *Id.* at 832. Accordingly, this Court finds that the appropriate rate of interest on Claim 5 is 5.25%, which is based on a 3.25% national prime rate of interest, plus a risk factor of 2%. *In re Riley, 428 BR 757 (2010)*.

### III. CONCLUSION

14. In this case, FirstBank Puerto Rico as an oversecured creditor is entitled to receive both post-petition and post-confirmation interest pursuant Section 506(b) and 1325(a)(5)(B)(ii). Here, and although the contract rate for this vehicle is of 17.99%, FirstBank is claiming post-petition interest pursuant 11 U.S.C. 506(b) at the *Till* factor of 5.25%. Also, Section 1325(a)(5)(B)(ii) mandates that FirstBank receive the present value of its claim as of the effective date of the plan. The Supreme Court decision in *Till* requires the Honorable Court to use the formula approach to determine FirstBank's claim. As of the petition date, the national prime rate of interest was 3.25%, plus a 2% of risk factor, will lead to an appropriate rate of interest of 5.25%. Accordingly, FirstBank's

claim no. 7-2 in the amount of $9,475.80, which already includes interest at a 5.25% rate, should be deemed allowed as fully secured.

15. In view of the fact that FirstBank, as an oversecured claim holder, is entitled to receive post-petition interest and the present value of its claim, and that an amended Proof of Claim (Claim no. 7-2) was filed with evidence of how the amount of the claim was calculated, debtor's objection to FirstBank's Proof of Claim no. 7-1 should be denied as moot.

**WHEREFORE, FirstBank Puerto Rico** respectfully request from this Honorable Court to grant this Motion, and that it enters an Order allowing FirstBank's Claim no. 7-2, and denying Debtor's Objection to Claim no. 7-1.

In San Juan, Puerto Rico, the 16 day of August, 2012.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of this motion is being sent by first class mail to the Debtors: **RUBEN GUADALUPE SANTALIZ and MARTA JOSEFINA GARRATON PACHECO,** at the address on record: HACIENDA PRIMAVERA, 15 AUSTRAL STREET, CIDRA, PUERTO RICO 00739; and to the authorized addresses through/by the Bankruptcy CM/ECF System to: Debtor's counsel, **ROBERTO FIGUEROA CARRASQUILLO;** and to **JOSE RAMON CARRION MORALES,** Chapter 13 Trustee and to the **US TRUSTEE**.

BY: //s// **MARISTELLA SANCHEZ RODRIGUEZ**
Maristella Sanchez Rodriguez, Esq.
Attorney for Movant- US 224714
MARIA M. BENABE-RIVERA, ESQ.
Attorney for Movant- US 208906
PO Box 9146, Santurce, PR 00908-0146
Tel. (787) 729-8135, Fax (787) 729-8276
Email: maristella.sanchez@firstbankpr.com